*910 OPINION.
TRAmmell :
The petitioner contends that it is entitled to a deduction as a loss in 1920 on account of the fact that it ascertained during that year that it had no further use for the machines and stored them. It is claimed that the petitioner is entitled to a deduction as a loss simply upon the ground that there was no market for the surplus machinery. The petitioner, however, could have substituted any of these machines for any machine which was in operation. They were not obsolete but were as modem and as capable of use as any machines for the purpose. They were simply surplus equipment. We are not satisfied from the evidence that these machines were abandoned. They were removed, oiled, and stored away. They were preserved as working machines instead of being abandoned or treated as scrap or junk material. They were the same kind of machines which not only the petitioner but other manufacturers in the same line of business were using. In our opinion these facts are not sufficient to entitle the petitioner to the loss claimed.
*911 With respect to the oven, the evidence is that the oven was discarded during the taxable year because it could not be satisfactorily operated. The oven cost $800. The investment made in the oven became lost to the petitioner during the taxable year. Its worthlessness had been demonstrated. It had no value as a machine, leaving its only value as its scrap value, which value did not exceed $3. This case is governed in principle by the case of the Wheeling File Co. v. Commissioner, 25 Fed. (2d) 455. In fact, the situation here presents a much stronger case than was presented in that case.
The petitioner is, therefore, entitled to the loss claimed with respect to the oven.
The amount of $312.21 which was added to income by the petitioner was in fact amounts expended by the petitioner for repairs and the petitioner is entitled to a deduction with respect thereto.

Judgment will be entered under Bule 50.